IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **RUDY OMAR LARIOS HERNANDEZ, et al.,** | * |
| Plaintiffs, | * |
| v. | * Civil Action No.: CBD-15-1430 |
| **LA FLOR DE MAYO BAKERY, INC. D/B/A THE MAYFLOWER BAKERY, et al.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

Before this Court is the parties' Joint Motion for Approval of Settlement (the "Motion") (ECF No. 16). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court approves the Settlement Agreement the parties executed as to all claims, including Plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

I.   **Factual Background**

Plaintiffs Rudy Omar Larios Hernandez and Juana Martina Sanchez Lopez ("Plaintiffs") worked for Defendants as bakers between 2012-2015. Compl. 2, 4. Plaintiffs allege that they worked hours in excess of forty (40) hours per week, yet they were not paid overtime wages. *Id*. Specifically, Plaintiff Larios Hernandez alleges that he worked for approximately seventy-eight (78) hours per week and was not paid overtime wages. *Id*. at 4. Plaintiff Larios Hernandez claims he is owed $32,906.96 in minimum and overtime wages. *Id*. Plaintiff Sanchez Lopez alleges she worked for approximately fifty-three (53) hours per week and was not paid overtime

1

wages. *Id*. Plaintiff Sanchez Lopez claims she is owed $4,213.66 in minimum and overtime wages. *Id*.

On May 19, 2015, Plaintiffs filed a complaint against Defendants alleging that Defendants violated the Maryland Wage Payment and Collection Law ("MWPCL"), the FLSA, and the Maryland Wage & Hour Law ("MWHL"). Compl. 1.

On September 23, 2015, the parties participated in a settlement conference before this Court. On November 2, 2015, the parties reached a resolution and executed the Settlement Agreement. *See* Mot. 3. On November 19, 2015, the parties filed the Motion seeking approval of the Settlement Agreement. Under the Settlement Agreement, Plaintiffs agree to settle all claims in exchange for a payment of $15,000.00, which includes $400 in attorney's fees and costs for Plaintiffs' counsel.

## II.     Analysis

Under the FLSA, Congress seeks to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. *See Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). FLSA provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *Id*.; *Brooklyn*, 324 U.S. at 706. Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman*, 2013 WL 2949047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The Fourth Circuit has not directly addressed the factors to be considered when deciding motions for approval of FLSA settlements. *See id*. at *3

(citations omitted). However, district courts in this circuit typically follow the Eleventh Circuit's analysis in *Lynn's Food Stores*. *Id*. The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* (citations omitted). In this respect, the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations omitted).

### A.  *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009).

After a review of the pleadings and the terms of the Settlement Agreement, the Court finds that a *bona fide* dispute exists in this case. Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2)(C). If an employer violates Section 207, he is liable for unpaid overtime and an equal amount of liquidated damages. 29 U.S.C. § 216. In this case, Plaintiffs allege that Defendants failed to pay them overtime wages as required under the FLSA. In response, Defendants deny all liability, and assert that Plaintiffs were properly paid for all hours worked. Defendants have also asserted several affirmative defenses including that Defendants are exempt employers not liable for

overtime wages.  Defendants also contend that Plaintiff Larios Hernandez's overtime wages claims prior to July 2013 are time-barred.  Clearly a *bona fide* dispute exists as to Defendants' liability under the FLSA.

### B. Fairness and Reasonableness of the Settlement Agreement

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settlement using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

After reviewing the factors set forth in *Saman*, the Court concludes that the Settlement Agreement in this case is a fair and reasonable compromise of the parties' *bona fide* dispute.  At this relatively early stage in the case, some discovery has been completed.  The parties have had a chance to discuss Plaintiffs' pay records in "great detail."  Mot. 5.  The Court finds that sufficient information and documentation has been exchanged for the parties to become familiar with the merits of their case.  Although the Court does not find this case to be particularly complex, further litigation would likely consume substantial resources and time.  There is no evidence that the Settlement Agreement is the product of fraud or collusion.  In the absence of such evidence, the law relies upon a presumption.  "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12.  The Settlement Agreement was the result of "hours of negotiation, information exchange and a review of governing precedent," as well as a settlement conference. Mot. 5.  At all times, the parties were represented by well-prepared and experienced counsel who

adeptly represented the parties' interests.  Counsel is of the opinion that the Settlement Agreement "reflects reasonable compromises" of the disputes between the parties.  Mot. 5.

As to the sixth factor, under which the Court must consider the relationship between the settlement amount and Plaintiffs' potential recovery, the Court finds that this factor also weighs in favor of finding that the Settlement Agreement is fair and reasonable.  Under the Settlement Agreement, $14,600.00 would be paid to Plaintiffs, and $400.00 to Plaintiffs' counsel to account for attorney's fees and costs.  Plaintiffs alleged in the Complaint that they are owed $37,120.62 in unpaid overtime wages.  Compl. 4.  The settlement sum, $14,600.00, represents approximately 39% of the Plaintiffs' FLSA claim.  The Court acknowledges that $14,600.00 is significantly less than the amount of damages Plaintiffs could receive if after a trial, Defendants were to be found to have willfully violated the FLSA.  However, if this case proceeded to trial, Plaintiffs had to overcome challenges to their FLSA claim such as: whether Plaintiffs did in fact work over forty (40) hours per week, and whether Plaintiff Larios Hernandez was employed by Defendants prior to July 2013.  In this case, the Court finds that the $14,600.00 settlement amount is reasonable under the circumstances.  *See Riveros*, 2015 WL 5897749, at *3 (where the court compared the settlement amount and the potential recovery and concluded that the plaintiff's receipt of 42% of his claims was a reasonable settlement).

### C. Attorney's Fees and Costs

"Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'"  *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)).  "In

making that assessment, courts typically use the principles of the traditional lodestar method as a guide." *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended. *See Riveros*, 2015 WL 5897749, at *4. "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (citation omitted). The federal court in Maryland uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations." *Id*. "Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task." *Id*.

In assessing reasonableness, the Fourth Circuit has instructed district courts to also consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6-7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

The Court concludes that although Plaintiffs' counsel has not provided the Court with the required evidence to assess the reasonableness of the fees and costs requested, the attorney's fees and costs requested are reasonable. Under the Settlement Agreement, Plaintiffs' counsel is going to receive $400.00 in attorney's fees and costs. Mot. 3. This amount represents a significant

discount of the actual fees and costs incurred by counsel: $6,000.00. *Id*. The Court finds, however, that Plaintiffs' counsel did not submit a billing statement detailing the hourly rate charged, the hours spent on this case, the nature of the costs incurred, nor an invoice for the expenses. Neither was an affidavit from counsel submitted detailing counsel's hourly rate. Plaintiffs' counsel also failed to provide any other documentation that would help the Court apply all the relevant factors and reach a conclusion as to the reasonableness of the fees requested. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award."). Nonetheless, since the amount requested here in attorney's fees and costs has been significantly discounted, the Court finds that the attorney's fees and costs requested are reasonable.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion.


January 4, 2016                                                                   /s/
                                                                  Charles B. Day
                                                                  United States Magistrate Judge


CBD/yv